EISNER & ASSOCIATES, P.C.
Eugene G. Eisner
Benjamin N. Dictor
Maria L. Chickedantz
113 University Place, 8th Floor
New York, New York 10003
Telephone: (212) 473-8700

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| David Corea,<br><br>                  Plaintiff,<br><br>  -against-<br><br>Phoenix Signs 79 Inc. d/b/a Phoenix Signs and d/b/a Channel Letters Store, Anduta Voican and Joseph Unger, jointly and severally,<br><br>                  Defendants. | **COMPLAINT** |

Plaintiff David Corea, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff was an hourly employee of defendant Phoenix Signs, a sign making and installation store located in Long Island City, Queens, New York. Plaintiff brings this action to recover unpaid overtime premium pay owed to him pursuant to both the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for failure to provide proper wage notices and wage statements pursuant to the NYLL and the supporting regulations.

1

## JURISDICTION AND VENUE

2. With respect to the federal claims ascertained herein, the Court's subject matter jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 1343. This case also has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3. With respect to the state claims ascertained herein, the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), as the state claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the acts and/or omissions giving rise to the claims herein alleged took place at defendants' business within this District.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

6. Plaintiff David Corea (hereinafter, "Corea" or "plaintiff"), has been, at all times relevant, an adult individual residing in Bronx County, New York.

7. Throughout the relevant time period, plaintiff has performed work for defendants at Phoenix Signs located at 27 – 18 44th Drive, Long Island City, Queens, New York.

**Defendants:**

8. Defendants are Phoenix Signs 79 Inc. d/b/a Phoenix Signs and d/b/a Channel Letters Store ("corporate defendant" or "Phoenix Signs"), Anduta Voican and Joseph Unger (jointly "individual defendants"). Hereinafter, all defendants will jointly be referred to as "defendants".

2

9. Upon information and belief, Phoenix Signs 79 Inc. is a New York Corporation with its principal place of business at 27 – 18 44th Drive, Long Island City, Queens, New York. According to the Department of State, Division of Corporations, State Records and UCC, Phoenix Signs 79 Inc. became active on July 31, 2000.

10. Upon information and belief, since at least November 2005, Phoenix Signs 79 Inc. has utilized the "doing business as" name of Phoenix Signs, and on or about January 1, 2012, has also utilized the "doing business as" of Channel Letters Store.

11. Upon information and belief, at all times relevant herein, individual defendants were the owners and operators of Phoenix Signs who set the payroll policies, including the unlawful practices complained of herein. At all times relevant, upon information and belief, individual defendants were in charge of determining Phoenix Signs' policies with respect to payroll, and otherwise running the business of Phoenix Signs.

12. At all times relevant herein, individual defendants were each "employers" pursuant to FLSA, 29 U.S.C. § 203(d) and the regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder. Specifically, individual defendants participated in the day-to-day operations of Phoenix Signs and acted willfully and intentionally in the direction and control of plaintiff.

13. At all times relevant, individual defendants have been and continue to be employers engaged in interstate commerce and/or production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). At all times relevant, individual defendants employed plaintiff.

14. At all times relevant, plaintiff was employed by individual defendants within the meaning of NYLL §§ 2 and 651.

15. Upon information and belief, defendants have used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

16. Upon information and belief, at all times relevant, defendants have had annual gross revenues in excess of $500,000.00.

17. At all times relevant herein, individual defendants performed such activities for the common business purpose of operating a business for profit.

## PLAINTIFF'S FLSA ALLEGATIONS

18. Plaintiff brings his first claim for relief under 29 U.S.C. §§ 201 *et seq.* of the FLSA for the period that he was employed by defendants between on or about June 17, 2012 and on or about April 7, 2015.

19. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully, and knew that the violation of FLSA would economically injure plaintiff.

20. Plaintiff regularly worked in excess of forty (40) hours per workweek.

21. At all times relevant to this complaint, plaintiff has been subject to defendants' policy and practice of willfully failing to pay the legally required overtime at a rate of one and a half times his hourly rate for hours worked in excess of forty (40) per workweek.

## PLAINTIFF'S NYLL ALLEGATIONS

20. Plaintiff brings his second, third and fourth claims for relief pursuant to NYLL §§ 650 *et seq.* and 190 *et seq.* for the period he was employed by defendants between on or about June 17, 2009 and on or about April 7, 2015.

21. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully, and knew that violations of NYLL would economically injure plaintiff.

4

22. Plaintiff regularly worked in excess of forty (40) hours per workweek.

23. Defendants unlawfully failed to pay plaintiff at the overtime rate as provided by NYLL for all hours in excess of forty (40) in a workweek.

24. Defendants failed to provide plaintiff with a wage notice and weekly wage statements as required by NYLL.

## STATEMENT OF FACTS

Defendants' Business

25. At all times relevant, defendants have been in the signage installation business. Upon information and belief, defendants currently own, operate and manage Phoenix Signs, located at 27 – 18 44th Drive, Long Island City, Queens, New York.

26. According to defendants' website (located at the following web address: http://channellettersstore.com), Phoenix Signs specializes in channel letters "custom designed and manufactured to compliment the building's existing architecture".

27. Upon information and belief, including information provided by plaintiff, Phoenix Signs is opened six days per week from 9:00am to 7:00pm.

28. Upon information and belief, including information provided by the Department of State, Division of Corporations, State Records and UCC, defendant Anduta Voican is the Chief Executive Officer and Principal Executive Officer of Phoenix Signs.

29. Upon information and belief, Joseph Unger is the General Manager of Phoenix Signs. At all times relevant, defendant Unger was regularly present at Phoenix Signs during business hours.

30. Upon information and belief, at times relevant herein, each individual defendant had the power to exercise control over all aspects of the day-to-day functions of Phoenix Signs

5

including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish the terms of employment of plaintiff; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

31. Upon information and belief, at times relevant herein, each individual defendant had the power to act directly and indirectly in defendant Phoenix Signs' interest in relation to its employees, including plaintiff.

32. At times relevant herein, individual defendants had the authority to act with respect to supervising, directing, hiring and firing, making decisions about workplace duties and hours and making decisions about pay of Phoenix Signs' employees, including plaintiff.

Plaintiff's Work for Defendants

33. Plaintiff was employed by defendants as a sign maker and sign installer from on or about November 1, 2005 until on or about April 7, 2015.

34. At all times relevant herein, plaintiff worked at defendants' Phoenix Signs location at 27 – 18 44th Drive, Long Island City, Queens, New York.

35. Between November 1, 2005 and October 31, 2007, plaintiff worked 60 hours per week and was paid $450 per week; between November 1, 2007 and October 31, 2008, plaintiff worked 60 hours per week and was paid $500 per week; between November 1, 2008 and October 31, 2009, plaintiff worked 60 hours per week and was paid $550 per week; between November 1, 2009 and October 31, 2011, plaintiff worked 60 hours per week and was paid $600 per week; between November 1, 2011 and October 31, 2012, plaintiff worked 60 hours per week and was paid $650 per week; between November 1, 2012 and December 31, 2014, plaintiff worked 60

6

hours per week and was paid $700 per week; and between January 1, 2015 and April 7, 2015, plaintiff worked 50 hours per week and was paid $600 per week.

36. Throughout plaintiff's employment, he was not compensated at a rate of time-and-one-half his regular hourly rate for hours worked in excess of forty (40) hours, as mandated by the FLSA and NYLL.

37. At all times relevant, plaintiff's wages were paid entirely in cash. Plaintiff was never provided with a wage statement with his wages indicating the amount of hours he worked during the week, his regular wage rate, and/or his overtime rate.

38. At no point during his employment was plaintiff provided with a wage notice indicating his regular wage rate, his overtime rate, and any deductions that would be taken from his wages.

Defendants' Unlawful Corporate Policies

39. Upon information and belief, including information provided by plaintiff, defendants maintained the same pay policies throughout the relevant period, including the payment of wages exclusively in cash.

40. Defendants did not maintain any formal timekeeping system in order to accurately record the number of hours that plaintiff worked each week. As such, plaintiff was not paid overtime premiums for hours worked in excess of forty (40) in a given week.

41. Upon information and belief, throughout the relevant period, defendants have failed to post or keep posted notices explaining the overtime pay rights provided by the FLSA and NYLL.

42. Plaintiff was paid pursuant to the corporate policies of defendants, including failing to pay overtime premiums.

43. Upon information and belief, throughout the relevant period, defendants have

failed to maintain accurate and sufficient time and payroll records or provide such records to employees, including plaintiff.

## FIRST CAUSE OF ACTION

### FLSA Overtime Claim, 29 U.S.C. §§ 201 *et seq.*

44. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

45. By failing to pay plaintiff the overtime premium rate for all hours worked over forty (40) in a workweek, defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207 and 215(a)(2).

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. Plaintiff is entitled to recover his unpaid overtime wage compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, and disbursements of the action pursuant to 29 U.S.C. § 216(b), together with such other relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

### New York State Overtime Claim, NYLL §§ 650 *et seq.*

48. Plaintiff repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

49. In light of defendants' unlawful failure to pay overtime wages, plaintiff seeks and is entitled to recover unpaid compensation, damages pursuant to NYLL, attorneys' fees, costs, pre- and post-judgment interest, together with such other relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION

### Notice Requirement, NYLL § 195(3)

50. Plaintiff repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

51. In light of defendants' unlawful failure to provide a wage notice in February 2012, plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

### FOURTH CAUSE OF ACTION

### Recordkeeping Requirements, NYLL § 195(1)

52. Plaintiff repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

53. In light of defendants' unlawful failure to provide wage records with their employees' regular wages, plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

### RELIEF SOUGHT

**WHEREFORE**, plaintiff requests relief as follows:

A. An order declaring that defendants violated the FLSA;

B. An order declaring that defendants violated the NYLL;

C. An order declaring that defendants' violations of the FLSA and NYLL were willful;

D. An award of overtime compensation under the FLSA and NYLL;

E. An award of compensatory damages for failure to pay overtime wages pursuant to the FLSA and NYLL;

F. An award of liquidated and/or punitive damages pursuant to the FLSA and NYLL;

G. All penalties available under the applicable laws;

H.  Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

I.  Pre-judgment and post-judgment interest as provided by law; and

J.  Such other relief as this Court deems just and proper.

Dated: New York, New York
       June 17, 2015

Respectfully submitted,

EISNER & ASSOCIATES, P.C.

By: Maria L. Chickedantz
*Attorneys for Plaintiff*
113 University Place, 8th Floor
New York, NY 10003
Phone: (212) 473-8700
Fax: (212) 473-8705
maria@eisnerassociates.com
